# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TYRON SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. |
| vs. ) | |
| ) | |
| CHICAGO POLICE SGT. JOHN KENNEDY, ) | |
| STAR #1587; CHICAGO POLICE OFFICER ) | |
| MARIBEL ROSARIO, STAR #13512; ) | |
| CHICAGO POLICE DETECTIVE THOMAS ) | |
| LIEBER, STAR #20211; CHICAGO POLICE ) | |
| OFFICER JEREMY BARNES, STAR #13912; ) | |
| CHICAGO POLICE OFFICER WAYNE ) | |
| OZMINA, STAR #6579; CHICAGO POLICE ) | |
| SGT. MICHAEL TATE, STAR #2027; ) | |
| CHICAGO POLICE OFFICER JAMES ) | |
| PAOLETTI, STAR #5451, Individually and as ) | |
| Employees/Agents of the City of Chicago; and ) | |
| THE CITY OF CHICAGO, a Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES, TYRON SANDERS, by and through his attorney, the LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE SGT. JOHN KENNEDY, STAR #1587; CHICAGO POLICE OFFICER MARIBEL ROSARIO, STAR #13512; CHICAGO POLICE DETECTIVE THOMAS LIEBER, STAR #20211; CHICAGO POLICE OFFICER JEREMY BARNES, STAR #13912; CHICAGO POLICE OFFICER WAYNE OZMINA, STAR #6579; CHICAGO POLICE    SGT. MICHAEL TATE, STAR #2027; CHICAGO POLICE

1

OFFICER JAMES PAOLETTI, STAR #5451; and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, TYRON SANDERS, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE SGT. JOHN KENNEDY, STAR #1587; CHICAGO POLICE OFFICER MARIBEL ROSARIO, STAR #13512; CHICAGO POLICE DETECTIVE THOMAS LIEBER, STAR #20211; CHICAGO POLICE OFFICER JEREMY BARNES, STAR #13912; CHICAGO POLICE OFFICER WAYNE OZMINA, STAR #6579; CHICAGO POLICE SGT. MICHAEL TATE, STAR #2027; CHICAGO POLICE OFFICER JAMES PAOLETTI, STAR #5451, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

### FACTUAL SUMMARY

5. On September 15, 2015, the Plaintiff was lawfully driving a vehicle when he was stopped by DEFENDANT OFFICERS BARNES, OZMINA and PAOLETTI in the vicinity of 22 E. 83rd Street, Chicago, Illinois.

6. DEFENDANT OFFICERS BARNES, OZMINA and PAOLETTI forcibly removed the Plaintiff from his vehicle and placed him in handcuffs despite the fact they did not have probable cause to believe the Plaintiff had committed any crimes or traffic offenses.

7. DEFENDANT OFFICERS KENNEDY and ROSARIO arrived on the scene and with DEFENDANT OFFICERS BARNES, OZMINA and PAOLETTI, the DEFENDANT OFFICERS illegally searched the Plaintiff's vehicle despite the fact he had been stopped, detained and arrested without probable cause.

8. Despite the fact the DEFENDANT OFFICERS were in marked Chicago SUV police units equipped with dash-cam and audio equipment, none of the DEFENDANT OFFICERS recorded any of the detention, stop and search of the Plaintiff or his vehicle.

9. The DEFENDANTS conspired to falsely charge the Plaintiff with a felony offense and falsely claimed that a handgun was recovered from the passenger side of the Plaintiff's vehicle.

10. After the Plaintiff was transported in custody to the 06th Police District, DEFENDANTS ROSARIO, SGT. TATE and DETECTIVE THOMAS LIEBER took acts in furtherance of the conspiracy and fabricated statements claiming the Plaintiff made an oral admission to the felony offense.

11. As a result of the evidence fabricated by the DEFENDANT OFFICERS, including the false confessions, fabricated police reports and false statements to prosecutors, the Plaintiff was charged with a felony offense and deprived of his liberty while detained in the Cook County Department of Corrections.

12. On August 9, 2016, Cook County Judge Erica Reddick found that the Plaintiff was arrested without probable cause and specifically cited DEFENDANT OFFICER OZMINA's testimony as lacking credibility.

13. On September 1, 2016, all of the criminal charges initiated by the DEFENDANT OFFICERS were dismissed by the Cook County State's Attorneys' Office.

### COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
### (As to Defendant Officers KENNEDY, ROSARIO, BARNES, OZMINA and PAOLETTI)

14. Plaintiff re-alleges and incorporates paragraphs 1-13 as fully stated herein.

15. As described above, DEFENDANT OFFICERS KENNEDY, ROSARIO, BARNES, OZMINA and PAOLETTI falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

16. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

17. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

### COUNT II
### Section 1983 Conspiracy Claims
### (As to all Defendants)

18. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

19. As outlined above, the DEFENDANTS conspired and agreed to unlawfully use the police powers of the DEFENDANT OFFICERS to violate the civil rights of the Plaintiff and charge him with crimes he did not commit.

20. The DEFENDANTS took overt acts in furtherance of this conspiracy, which included fabricating confessions, providing false information in sworn reports, signing false criminal complaints, and providing perjured and false testimony in criminal proceedings which resulted in a deprivation of the Plaintiff's liberty and false criminal charges being lodged against him.

21. This conspiracy proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### Fourth Amendment Claim for Deprivation of Liberty
### (As to all Defendants)

22. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

23. As a result of evidence fabricated by the DEFENDANTS, the Plaintiff was deprived of his liberty and was incarcerated in the Cook County Department of Corrections.

24. But for the misconduct of the DEFENDANTS outlined above, the Plaintiff would not have suffered a deprivation of his liberty.

25. The misconduct of DEFENDANTS outlined above proximately caused injury to the Plaintiff, including, but not limited to prolonged incarceration, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
### Indemnification
### (As to Defendant City of Chicago)

26. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

27. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

28. The DEFENDANT OFFICERS acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

5

29. Plaintiff, TYRON SANDERS, respectfully requests that the Court:

   a. Enter judgment in his favor and against Defendants, CHICAGO POLICE SGT. JOHN KENNEDY, STAR #1587; CHICAGO POLICE OFFICER MARIBEL ROSARIO, STAR #13512; CHICAGO POLICE DETECTIVE THOMAS LIEBER, STAR #20211; CHICAGO POLICE OFFICER JEREMY BARNES, STAR #13912; CHICAGO POLICE OFFICER WAYNE OZMINA, STAR #6579; CHICAGO POLICE SGT. MICHAEL TATE, STAR #2027; CHICAGO POLICE OFFICER JAMES PAOLETTI, STAR #5451;

   b. Award compensatory damages against Defendants, CHICAGO POLICE SGT. JOHN KENNEDY, STAR #1587; CHICAGO POLICE OFFICER MARIBEL ROSARIO, STAR #13512; CHICAGO POLICE DETECTIVE THOMAS LIEBER, STAR #20211; CHICAGO POLICE OFFICER JEREMY BARNES, STAR #13912; CHICAGO POLICE OFFICER WAYNE OZMINA, STAR #6579; CHICAGO POLICE SGT. MICHAEL TATE, STAR #2027; CHICAGO POLICE OFFICER JAMES PAOLETTI, STAR #5451;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE SGT. JOHN KENNEDY, STAR #1587; CHICAGO POLICE OFFICER MARIBEL ROSARIO, STAR #13512; CHICAGO POLICE DETECTIVE THOMAS LIEBER, STAR #20211; CHICAGO POLICE OFFICER JEREMY BARNES, STAR #13912; CHICAGO POLICE OFFICER WAYNE OZMINA, STAR #6579; CHICAGO POLICE SGT. MICHAEL TATE, STAR #2027; CHICAGO POLICE OFFICER JAMES PAOLETTI, STAR #5451;

   d. Award punitive damages against CHICAGO POLICE SGT. JOHN KENNEDY, STAR #1587; CHICAGO POLICE OFFICER MARIBEL ROSARIO, STAR #13512; CHICAGO POLICE DETECTIVE THOMAS LIEBER, STAR #20211; CHICAGO POLICE OFFICER JEREMY BARNES, STAR #13912; CHICAGO POLICE OFFICER WAYNE OZMINA, STAR #6579; CHICAGO POLICE SGT. MICHAEL TATE, STAR #2027; CHICAGO POLICE OFFICER JAMES PAOLETTI, STAR #5451 in their individual capacities; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, TYRON SANDERS, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                        Respectfully submitted,

                        /s/ Jeffrey J. Neslund
                        JEFFREY J. NESLUND, Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive
Suite 3710
Chicago, Illinois 60606
(312) 223-1100